UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

SAMANTHA J. PHIPPS, :
:
    Plaintiff :
v. : Case No.
: Jury Trial Demanded
MCNEELY LAW GROUP, P.C. and
CHRISTOPHER E. MCNEELY,

    Defendant(s).
_____/

# COMPLAINT

Plaintiff, Samantha J. Phipps ("Plaintiff"), by and through her attorney, the Law Offices of Nicholas A. Reyna P.C., alleges the following:

## Nature of Action

1. Plaintiff brings this action against the Defendant debt collectors, seeking damages and equitable relief, to redress the Defendants' systemic violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* and violations of the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq*. This action arises from the Defendants' informed and negligent violation of the bankruptcy discharge injunction imposed upon them under 11 U.S.C. § 524 pursuant to the Plaintiff's corresponding bankruptcy filing, such resulting from the Defendants' attempted collection of consumer debt owed to OneMain Financial Group (USA), N.A.

## Parties

2. Plaintiff Samantha J. Phipps is a citizen of Michigan residing in Grand Rapids Michigan.

3. Defendant McNeely Law Group, P.C. ("McNeely Law") is a Michigan-based Domestic Professional Corporation whose registered office is located at 1700 W. Hamlin Road (Suite 100) in Rochester Hills, MI 48309. McNeely Law uses interstate commerce and the mails in a business whose principal purpose is the collection of debt. McNeely Law regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another. McNeely Law is a "debt collector" as the term is defined and used in the FDCPA. McNeely Law is a "regulated person" as the term is defined and used in the MCPA.

4. Defendant Christopher E. McNeely is a natural person residing in Michigan. Mr. McNeely is presumably the owner and chief shareholder of McNeely Law. Mr. McNeely is licensed to practice law in Michigan. Mr. McNeely uses interstate commerce and the mails in a business whose principal purpose is the collection of debt. Mr. McNeely regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another. Mr. McNeely is a "debt collector" as the term is defined and used in the FDCPA. Mr. McNeely is a "regulated person" as the term is defined and used in the MCPA.

5. During all times pertinent hereto, the Defendants directly and indirectly participated in efforts to collect alleged debts from the Plaintiff and presumably others as stated below in this complaint.

6. The acts and omissions of Defendant Mr. McNeely were incidental to or of the same general nature as the responsibilities that he was authorized to perform by McNeely Law in collecting consumer debt(s). By committing such acts Mr. McNeely was motivated to benefit McNeely Law, and as such is liable to the Plaintiff through the

Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its' collection.

7. A shareholder, owner, office member, manager, employee or agent of a corporate debt collector can be held liable for violating the FDCPA, without piercing the corporate veil, by being directly involved in the day-to-day operation of the company including the training managing of employees, reviewing or supervising the review of accounts, materially participating in the activities of the company, supervision collection activities, overseeing compliance with applicable collection laws, ratifying unlawful acts, and the like for the reason that each such individual is himself a "debt collector" within the statutory definition, names, each is a person in a business, "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due asserted to be owed or due another." 15 U.S.C 1692a(6). *Kistner v Law Offices of Michael P. Margelefsky*, LLC, 518 F.3d 433, 433-438 (6th Cir. 2008); *Russell v. Goldman Roth Acquisitions, LLC*, 847 F. Supp. 2d 994, 1004-06(W.D.Mich. 2012).

**Jurisdiction and Venue**

8. This Court has jurisdiction under 15 U.S.C. § 1692(k)(d) et seq (FDCPA) and 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction regarding the Plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this jurisdiction is proper because the Defendants transact business here, the pertinent events took place here, and the Defendant resides here.

**Factual Background**

9. On or about May 2, 2019 the Defendants representing OneMain Financial Group, LLC obtained a default judgment against the Plaintiff in the 61st District Court of Michigan (case number 2019-GC-1990).

10. The Debt owed to OneMain Financial Group was for credit card purchases, which were used for personal, family or household purposes and is therefore representative of "consumer debt" as that term is defined by 15 U.S.C 1692a(5).

11. On October 25, 2019, the Plaintiff filed a Chapter 7 bankruptcy case in the Western District of Michigan (case number 19-04516-jwb). To confirm, the above-referenced debt to OneMain Financial Group was listed on the Plaintiff's filed List of Creditors (Schedule F) at that time, with both OneMain and their attorneys presumably receiving notice of same shortly thereafter.

12. On October 31, 2019 a non-periodic Garnishment against the Plaintiff was filed with the 61st District Court on behalf of OneMain Financial Group by the Defendant despite the foregoing.

13. The Plaintiff's Chapter 7 bankruptcy case was ultimately discharged on March 5, 2020, with any amount due and owing to OneMain Financial Group pursuant to the above-referenced debt formally and finally discharged in full as of that date.

14. On or around May 1, 2020, amounts totaling $192.56 were garnished from the Plaintiff's pay post-discharge on behalf of OneMain Financial Group by the Defendant, facts which were acknowledged by the Defendant in writing via email at that time-

| Post Tax Deductions | | |
|---|---|---|
| Description | Amount | YTD |
| 951 Union Dues | 9.30 | 157.30 |
| United Way | 1.00 | 17.00 |
| Voluntary Life Insurance | 0.50 | 9.08 |
| Creditor Garnishment (19GC1990) | 92.43 | 192.56 |
| Post Tax Deductions | 103.23 | 375.94 |

4

15. As a corollary, even if the Defendant were to attempt to argue it was not previously aware of the underlying debt being subject to discharge despite having received written verification of same both at the time of the Plaintiff's prior bankruptcy filing and discharge, it had now received on multiple occasions, written notices and emails regarding same.

16. Nevertheless, on August 27, 2021 a second Periodic Wage Garnishment along with a separate Income Tax Garnishment request were each again filed on behalf of OneMain by the Defendant (*see Exhibit A*) pursuant to the now-discharged debt-

| | |
|---|---|
| Original – State Treasurer (Part 1) | 3rd copy – Return (proof of service) (Par |
| 1st copy – Court (Part 2) | 4th copy – Plaintiff/Attorney (proof) (Part |
| 2nd copy – Defendant (Part 2) | |

Approved, SCAO

| STATE OF MICHIGAN 61st JUDICIAL DISTRICT JUDICIAL CIRCUIT | REQUEST AND WRIT FOR GARNISHMENT (INCOME TAX REFUND/CREDIT) | CASE NO. 19-GC-1990 |
|---|---|---|

Court address • Zip code    Court telephone
180 Ottawa Avenue NW, Grand Rapids, MI 49503

This portion to be completed by the court only.    TO THE GARNISHEE: Make the amount intercepted pursuant to this writ payable to and mail to: ☐ the plaintiff.  ☒ the plaintiff's attorney.  ☐ the court.

| Plaintiff name and address (judgment creditor) | Defendant name and address (judgment debtor) |
|---|---|
| OneMain Financial Group, LLC as servicer for ("ASF") Wilmington Trust, N.A., as Issuer Loan Trustee for OneMain Financial Issuance Trust 2017-1 | Samantha J. Phipps 3840 Mayfield Ave NE Apt 1A Grand Rapids, MI, 49525 |

v

| Plaintiff's attorney, address McNEELY LAW GROUP, P.C. Christopher E. McNeely P-45664 1700 West Hamlin Road, Suite 100 Rochester Hills, MI 48309 | Garnishee Third Party Withholding Unit Michigan Department of Treasury PO Box 30785 Lansing, MI 48909 |
|---|---|
| Plaintiff attorney FE no. 38-3522817 | Plaintiff attorney telephone no. (855) 648-9977 | |

**REQUEST** — NOTE for item 2: If a civil judgment includes judgment interest in the "total judgment" field (as in the forms in use before the 5/07 revisions), the interest amount reported in item 2 should not include any postfiling interest already included in the judgment.

1. On 05/02/2019, the plaintiff received judgment against defendant for: $5,383.49
2. The total amount of judgment interest accrued to date is: $0
   The total amount of post judgment costs accrued to date is: $0
   The total amount of post judgment payments made and credits to date is: $192.56
   The amount of the unsatisfied judgment now due (including interest and costs) is: $5,190.93
3. Plaintiff knows or with good reason believes the garnishee is indebted to or possesses or controls property belonging to defendant.
4. Plaintiff requests a writ of garnishment to intercept income tax and that it be paid to ☒ plaintiff's attorney. ☐ plaintiff.

I declare that the statements above are true to the best of my information, knowledge, and belief.

August 10, 2021
Date    Plaintiff/Agent/Attorney signature Christopher E. McNeely P-45664

**WRIT OF GARNISHMENT**   To be completed by the court.

5

17. The Fair Debt Collection Practices Act states that it is unlawful for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

18. It is undisputed that OneMain Financial Group did not have a legal right to collect on the State Court Judgment and the issuance of a wage garnishment against the Plaintiff by the Defendant on its' behalf was by extension illegal as a result. The FDCPA states that it is unlawful for a debt collector to make a false representation of the character, amount, or legal status of any debt. 15 U.S.C. §1692e(2)(A).

19. The FDCPA states that it is unlawful for a debt collector to communicate to any person credit information which is known or which should be known to be false. 15 U.S.C. § 1692e(8).

20. The FDCPA states that it is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

21. The FDCPA states that it is unlawful for a debt collector to use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

22. The Defendants violated, among other subsections of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(2)(A), (8), and (10), and 1692f(1). See, e.g., *Watkins v. Peterson Enterprises, Inc.*, 57 F.Supp.2d 1102 (E.D. Wash. 1999).

23. The FDCPA is a strict liability statute and thus proof of <u>one</u> violation thereof

is sufficient to support a finding of summary judgment in favor of a Plaintiff. *Cacace v Lucas,* 775 F. Supp. 502, 505 (D. Conn. 1991). Moreover, a plaintiff in such instances does not need to prove knowledge or intent. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011). The Plaintiff also does not have to have suffered actual damages. *Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 437 (6th Cir. 2008).

24. The described acts and omissions of the Defendants were done in connection with efforts to collect an alleged debt from Ms. Phipps, such having been done intentionally and willfully.

25. The Defendants intentionally and willfully violated the FDCPA

26. As a direct and proximate result of the Defendants' negligence, the Plaintiff suffered a substantial and unjustifiable financial loss.

27. As a further direct and proximate result of the Defendants' negligence, the Plaintiff has sustained consequential damages, including attorney fees and legal expenses.

## Conclusions of Law

28. Pursuant to 11 U.S.C. §524(a)(1), a discharge in a bankruptcy case under title both "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged." In addition, pursuant to 11 U.S.C. 524(a)(2), such a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor." Subsection (a)(3) specifically holds that a discharge operates as an injunction against the commencement or continuation of an action…to collect, or recover from, or offset any

7

such debt as a personal liability of the debtor.

29. According to the Sixth Circuit in *In re Madaj*, 149 F. 3d 467 (1998), even an unscheduled debt, which is a debt that was not expressly listed in the debtor's bankruptcy case, is still dischargeable in a "no-asset" case.

30. Michigan courts have previously held that the omission of the bona-fide error defense in this state but otherwise available as an affirmative defense in other jurisdictions allowing debt collectors to show that their violation was unintentional signifies Michigan's specific intent to avoid absolving debt collectors of liability, even for unintentional mistakes. *Gamby v. Equifax Information Services, LLC*, 2010 U.S. Dist. Lexis 1157, 1165 (E.D. Mich. Jan. 7, 2010).

31. Moreover, even under the FDCPA, outside of the relatively narrow bona-fide error exception, even a good-faith error can still give rise to liability. More specifically, prior cases have held that a creditor violated § 1692e by improperly seeking payment of a debt already discharged in bankruptcy. *Turner v. J.V.D.B. & Assocs., Inc.,* 330 F. 3d 991, 995 (7th Cir. 2003). As a result, the plain language of the MCPA and cases interpreting the FDCPA show unequivocally that it is immaterial whether parties such as the Defendants knew their statements were false or misleading at the time they seek repayment on a debt discharged as a part of a prior bankruptcy filing.

## COUNT I- VIOLATION OF 15 U.S.C. § 1692

32. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

33. This jurisdiction is reliant upon the "least sophisticated debtor" standard to

determine whether a communication might effectively deceive an unsophisticated consumer under 15 U.S.C. 1692. *Smith v Computer Credit*, 167 F.3d 1052 (6th Cir. 1999). More specifically, "the fact that a false statement may be obviously false to those who are trained and experience does not change its character, nor take away its power to deceive others less experienced." *Federal Trade Commission v Standard Education Society*, 302 U.S. 112, 116, 50 S.Ct. 113, 115, 82 L.Ed. 141 (1937). It seems sensible to suggest that a collection attempt such as the one in this instance which is crafted to suggest that an amount discharged as part of the Plaintiff's prior bankruptcy filing nevertheless remains due and owing such that the Plaintiff will be immediately subject to a garnishment of both her wages and state income tax refund unless the amount is satisfied would certainly possess the potential to confuse a less sophisticated Debtor such as the Plaintiff in this instance, which it did.

34. Indeed, The Supreme Court has established that the FDCPA "applies to the litigating activities of lawyers," *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995) and, more specifically, that "litigating…seems simply one way of collecting a debt." *Heintz* at 297. As an obvious corollary, litigation such as the initiation of a garnishment action like the one instituted against the Plaintiff in this instance amounted to a clear attempt to collect upon a debt, which by extension could be used against an unsophisticated consumer in an unfair or deceptive manner.

35. Contact between a debt collector and a debtor violates the FDCPA if it explicitly or implicitly represents that the debt collector can sue on a debt when it cannot do so. *Kimber v Federal Fin. Corp.*, 668 F. Supp. 1480, 1489 (M.D. Ala. 1987). Indeed in this instance, the Defendant did not merely represent that it possessed the ability to sue

9

on the debt by instituting a garnishment against the Plaintiff despite the fact that it clearly could not do so as a result of the Plaintiff's previous bankruptcy filing and subsequent discharge, it in fact took formal and proactive measures following the Plaintiff's bankruptcy discharge to carry out that illicit garnishment.

36. For a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Grden v Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011). Obviously, the issuance of a garnishment against the Plaintiff as executed by the Defendants inarguably possessed one singular, animating purpose- to induce payment by the Plaintiff by way of a direct garnishment, despite the fact that again the debt had been previously discharged in bankruptcy. Compelling payment by the Plaintiff in this instance was not only the animating purpose of the garnishment but indeed the intended outcome.

37. The Defendants violated the above-referenced subsections of 15 U.S.C. § 1692e by falsely representing the character, amount, or legal status of the Plaintiff's Debt, specifically by attempting to collect a debt that was discharged in bankruptcy and mischaracterizing that debt as presently due and owing following the filing of the Plaintiff's bankruptcy case by attempting to obtain a Writ of Garnishment thereupon. By communicating false and deceptive information to the Plaintiff and his counsel, the Defendants clearly operated in contravention of the referenced statute.

38. Generally, the FDCPA permits recovery of actual damages for emotional distress. More specifically, pursuant to 15 U.S.C. § 169k(a)(1), "any debt collector who fails to comply with the FDCPA with respect to any person is liable to such a person in an amount to the sum of…any actual damages sustained by such person as a result of

such failure. Commentary to the FDCPA goes on to state that such actual damages for FDCPA violations include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress," as well as "out-of-pocket" expenses." Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (Dec. 13 1988). See also *Beeker v. Montgomery, Lynch*, 2003 WL 23335929 at 2 (N.D. Ohio) (FDCPA permits recovery of actual damages for emotional distress).

39. Districts within the Sixth Circuit including the Northern District of Ohio have concluded that the FDCPA does not require a plaintiff to satisfy the state law elements of intentional or negligent infliction of emotional distress to recover actual damages for such under 15 U.S.C. § 1692k(a). *Id* at 2. See also *Minick v. First Federal Credit Control, Inc*. 1981 U.S. Dist. LEXIS 18622, at 3-4 (N.D. Ohio). "Actual damages for emotional distress can be proved independently of state law requirements" for intentional or negligent infliction of emotional distress. *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 188 (D. Del. 1991). In addition, courts have previously concluded that a Plaintiff may prove actual damages for emotional distress purely through his or her own testimony. *Wantz v. Experian Information Solutions*, 386 F.3d 829, 834 (7th Cir. 2004).

40. Moreover, under the FCRA, actual damages may include economic damages and damages for "humiliation and mental distress." *Bryant v. TRW, Inc.,* 487 F. Supp. 1234, 1239-40 (E.D. Mich. 1980). The court in that instance instructed the jury to consider mental anguish, embarrassment, and humiliation in determining the proper measure of actual damages to award the victim of a FRCA violation. *Id* at 1239. Such is particularly important given that the damages standard under the FRCA has been looked to when determining the appropriate standard under the FDCPA. *Smith* at 187.

11

41. Furthermore the Defendants violated 15 U.S.C. § 1692b(2) by stating to the Court that the Plaintiff owed a debt when in fact it had been discharged in bankruptcy.

42. The Defendants violated 15 U.S.C.§ 1692b(6) and 15 U.S.C. §1692c(a)(2) by conducting prohibited communications by indirectly contacting the Plaintiff knowing the Plaintiff was represented by counsel and that the debt upon which the communication was based was discharged in bankruptcy.

43. The Defendants violated 15 U.S.C. §1692b(6) and 15 U.S.C. §1692c(a)(2) by conducting prohibited communication by contacting third parties related to the discharged debt despite knowledge Plaintiff was represented by counsel and that the debt had been discharged in bankruptcy.

44. The Defendants violated 15 U.S.C.§ 1692d by seeking and obtaining a Writ of Garnishment against the Plaintiff after the debt had been discharged in bankruptcy, the natural intent and consequence of which was to harass, oppress, and abuse the Plaintiff.

45. The Defendants violated 15 U.S.C. §1692e(2) by making false statements regarding the character, amount, and legal status of the debt knowing it had been discharged in bankruptcy.

46. The Defendants violated 15 U.S.C. §1692e(5) by taking legal action they could not legally take because the subject debt had been discharged in bankruptcy.

47. The Defendants violated 15 U.S.C. §1692e(10) by making false representations and taking deceptive means to collect a debt that had been discharged in bankruptcy.

48. The Defendants violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) in using unfair, deceptive, and unauthorized means to collect a debt that had been discharged in

Chapter 7 Bankruptcy.

49. As an actual and proximate result of the acts and omissions of the Defendants, the Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, anxiety, for which the Plaintiff should be compensated in an amount to be established by jury and at trial.

### COUNT II- VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

50. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

51. The Defendants represent a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

52. The Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

53. The Defendants' foregoing acts in attempting to collect the alleged debt at issue violated MCL § 339.915e, which prohibits a Licensee from "making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt."

54. The Defendants' foregoing acts in attempting to collect this alleged debt violated MCL 339.915f, which prohibits a Licensee from "misrepresenting in a communication with a debtor any of the following: (i) the legal status of a legal action being taken or threatened and/or (ii) the legal rights of the creditor or debtor."

55. The Defendants violated M.C.L. 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

56. The Defendants' violations of the Michigan Occupational Code were willful.

57. As an actual and proximate result of the acts and omissions of the Defendants, the Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, anxiety, loss of sleep and suffering, not to mention causing counsel for Plaintiff-Debtor unnecessary additional work by having to deal with the situation, for which the Plaintiff should be compensated in an amount to be established by jury and at trial.

### COUNT III- VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

58. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

59. The Defendants represents a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

60. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

61. Generally speaking, "the Michigan Collection Practices Act prohibits abusive collection efforts…with respect to obligations arising out of a 'purchase made primarily for personal, family, or household purposes." *Levant v. Am. Honda. Fin. Corp.*, 356 F. Supp. 2d 776, 782 (E.D. Mich. 2005).

62. The Defendants' foregoing acts in attempting to collect this alleged debt violated MCL 445.252e, which prohibits a Regulated Person from "making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt." The Defendants initiated collection and a corresponding garnishment specific to debt owed by the Plaintiff which was discharged

14

as a part of her previously-filed bankruptcy case, going so far as to initiate a garnishment action against the Plaintiff after the debt related thereto had already been discharged in bankruptcy; the threat of garnishment alone when such was an impossibility would be the height of misleading deception on the part of the Defendants.

63. The Defendants' foregoing acts in attempting to collect this alleged debt violated MCL §445.252f, which prohibits a Regulated Person from "misrepresenting in a communication with a debt any of the following: (i) the legal status of a legal action being taken or threatened and/or (ii) the legal rights of the creditor or debtor."

64. The Defendants, specifically by way of the communications between its' agents and representatives and the Plaintiff, clearly misrepresented to the Plaintiff his legal rights.

65. Plaintiff has suffered damages as a result of these violations of the Michigan Collection Practices Act.

66. These violations of the MCPA were willful.

### COUNT IV- INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

67. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

68. The Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion, and/or private concerns or affairs of the Plaintiff, namely by repeatedly and unlawfully attempting to collect a debt discharged in bankruptcy. The Defendants intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt

thereby invading and intruding upon Plaintiff's right to privacy. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

69. The actions of the Defendants resulted in damages to the Plaintiff.

## CONCLUSION

### COUNTS I & IV:  VIOLATIONS OF 15 U.S.C § 1692

**WHEREFORE**, based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A) Actual damages for Plaintiff pursuant to 15 U.S.C. §1692k and M.C.L. § 339.916(2);

(B) Statutory damages for Plaintiff pursuant to 15 U.S.C. §1692k and M.C.L. § 339.916(2);

(C) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and M.C.L. § 339.916(2); and

(D) Such further relief as the court deems just and proper.

### COUNT II & III- VIOLATION OF MICHIGAN OCCUPATIONAL CODE AND MICHIGAN COLLECTION PRACTICES ACT

**WHEREFORE,** based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A) Actual damages pursuant to M.C.L. 339.916(2);

(B) Treble the actual damages pursuant to M.C.L. 339.916(2);

    (C)    Statutory damages pursuant to M.C.L. 339.916(2); and

    (D)    Reasonable attorney's fees and court costs pursuant to M.C.L. 339.916(2).

**Demand for Trial by Jury**

**RESPECTFULLY SUBMITTED,**
**LAW OFFICES OF NICHOLAS A. REYNA**

/s/ Nicholas A. Reyna                        Date:  December 1, 2021
Nicholas A. Reyna (P68328)
Attorney for Plaintiff
528 Bridge St., Ste. 1A
Grand Rapids, MI 49504
(616) 235-4444
Nickreyna7@hotmail.com